UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARLY DENVER BOSH,

                Plaintiff,

      v.

UNITED STATES POSTAL SERVICE, et

al.,

                Defendants.

Case No. 3:26-cv-05408-TMC

ORDER GRANTING MOTION FOR
LEAVE TO PROCEED IN FORMA
PAUPERIS AND CONVERTING MOTION
FOR A TEMPORARY RESTRAINING
ORDER

## I.    ORDER

Plaintiff Arly Denver Bosh moved for leave to proceed in forma pauperis ("IFP") on April 20, 2026, filing a proposed complaint against Defendants the next day. Dkts. 1, 5. Mr. Bosh brings claims against the United States Postal Service ("USPS") and its officers regarding the agency's failure to deliver mail to Mr. Bosh's home and to accommodate his disability. Dkt. 5 at 7.

Mr. Bosh has also filed an *ex parte* motion for a temporary restraining order ("TRO"). Dkt. 2. In the motion, Mr. Bosh asserts that his seizure-alert service dog sustained an injury "while performing constant alert functions in response to the sustained stress" that Defendants' actions imposed on Mr. Bosh. *Id.* at 6. He asks the Court to compel delivery to his residence,

ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND CONVERTING MOTION FOR A TEMPORARY RESTRAINING ORDER - 1

"directly fund the emergency surgical restoration of [his] seizure-alert service animal," enter a declaratory judgment that Defendants violated the law, and award compensatory damages for his physical and emotional injuries. *Id*. at 8–9.

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standard for a TRO is "substantially identical" to the standard for a preliminary injunction). TROs serve a limited purpose: "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. Of Teamsters and Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974).

A plaintiff seeking a TRO must show: (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm absent preliminary relief, (3) the balance of equities favors injunction, and (4) the relief sought is in the public interest. *Winter*, 555 U.S. at 20; *Stuhlbarg*, 240 F.3d at 839 n.7. The movant must make a showing on each element of the *Winter* test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). But "where the 'balance of hardships . . . tips sharply towards the plaintiff,' a plaintiff need only show 'serious questions going to the merits,' rather than likelihood of success on the merits[.]" *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020) (quoting *All. for the Wild Rockies*, 632 F.3d at 1135).

Additional requirements are imposed on TROs that are granted "ex parte," or without notice to the other party. Under Federal Rule of Civil Procedure 65(b), a TRO may be granted without notice to the adverse party if it appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).

Mr. Bosh has not submitted an affidavit with "specific facts" showing that "immediate and irreparable injury, loss, or damage" will occur before the Defendants can be heard in opposition and has therefore not met Rule 65(b)(1)'s strict requirement for issuance of a TRO without notice. Fed. R. Civ. P. 65(b)(1). Mr. Bosh has also not filed a summons, precluding service of the complaint on Defendants. Local Civil Rule 4(a).

Although Mr. Bosh has not met the standard for *ex parte* emergency relief, his complaint appears to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss an IFP complaint that fails to state a claim). The Court will grant Mr. Bosh's motion to proceed *in forma pauperis* and construe Mr. Bosh's motion for a TRO as one for a preliminary injunction. Defendants will have the opportunity to appear and respond in opposition to the motion.

The Court therefore ORDERS as follows:

1.  Mr. Bosh's motions for leave to proceed *in forma pauperis* (Dkts. 1, 11) are GRANTED. The Clerk is directed to file the proposed complaint docketed at Dkts. 11-2, 11-3, 11-4.

2.  By May 4, 2026, Mr. Bosh shall file a summons for each Defendant using the "Summons in a Civil Action" form provided by the Court at https://www.wawd.uscourts.gov/court-forms#Pro%20Se. Once he does so, the Court will direct the Clerk to serve the summons and complaint on all Defendants via first-class mail.

3.  The Court will construe Mr. Bosh's motion for an *ex parte* TRO (Dkt. 2) as one for a preliminary injunction. The Clerk is directed to re-note the motion for June

ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND CONVERTING MOTION FOR A TEMPORARY RESTRAINING ORDER - 3

1, 2026. Defendants shall file a response by May 26, 2026. Plaintiff shall file any reply by June 1, 2026. If necessary, Defendants may request additional time to respond after appearing in this matter.

4.      The Clerk is directed to send copies of this Order and the Court's *pro se* instruction sheet to Mr. Bosh.

The Federal Rules of Civil Procedure and the Local Civil Rules are available at the Court's website: https://www.wawd.uscourts.gov/local-rules-and-orders. The Court encourages Mr. Bosh to review this District's resources for pro se litigants, available at https://www.wawd.uscourts.gov/representing-yourself-pro-se, including the Federal Bar Association's civil rights legal clinic, with more information available at https://www.kcba.org/?pg=Neighborhood-Legal-Clinics.

Dated this 29th day of April, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND CONVERTING MOTION FOR A TEMPORARY RESTRAINING ORDER - 4