UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARLY DENVER BOSH, | Case No. 3:26-cv-05408-TMC |
| Plaintiff, | ORDER ON PENDING MOTIONS |
| v. | |
| UNITED STATES POSTAL SERVICE, et al., | |
| Defendant. | |

## I.   ORDER

This case concerns self-represented Plaintiff Arly Bosh's claims against the United States Postal Service arising from the delivery of mail to his rural residence. Pending before the Court are four motions: Mr. Bosh's motion for preliminary injunction (Dkt. 2); Mr. Bosh's motion for judicial notice (Dkt. 18); Defendants' motion to dismiss (Dkt. 26); and Mr. Bosh's motion for leave to file a first amended complaint (Dkt. 29). The Court rules on each motion below.

### A.   Motion for Preliminary Injunction (Dkt. 2)

A preliminary injunction "is a matter of equitable discretion and is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (citation modified).

ORDER ON PENDING MOTIONS - 1

"To obtain a preliminary injunction, a plaintiff must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities favors the plaintiff, and (4) that an injunction is in the public interest." *Geo Group, Inc. v. Newsom*, 50 F.4th 745, 753 (9th Cir. 2022) (en banc) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Likelihood of success on the merits is a threshold question and the most important factor. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023).

The Court has reviewed the evidence submitted by Mr. Bosh and by the Defendants. At this early stage of the litigation, Defendants have submitted sufficient evidence and legal analysis contesting Mr. Bosh's claims that the Court cannot conclude he is likely to succeed on the merits. Mr. Bosh therefore has not shown he is entitled to the extraordinary remedy of a preliminary injunction. The motion for preliminary injunction (Dkt. 2) is DENIED.

**B.      Motion for Judicial Notice (Dkt. 18)**

Mr. Bosh asks the Court to take judicial notice of a letter issued by David R. Kupper, Attorney for the Postal Service, on April 6, 2026. Dkt. 18. While the Court cannot take judicial notice of Mr. Bosh's characterization of the representations in the letter—which are disputed by the parties—the Court has considered the letter as part of the record in the case, and the parties do not appear to dispute its authenticity. *See* Dkt. 23 (Kupper Declaration) ¶¶ 19–22. Mr. Bosh's motion for judicial notice (Dkt. 18) is therefore GRANTED IN PART and DENIED IN PART.

**C.      Motion to Dismiss (Dkt. 26)**

On July 6, 2026, Defendants filed a motion to dismiss. Dkt. 26. Within 21 days after service of that motion, Mr. Bosh filed an amended complaint as allowed by Federal Rule of Civil Procedure 15(a)(1)(B). Dkt. 28. Mr. Bosh's amended complaint appears to respond to the arguments in the pending motion to dismiss. The Court therefore DENIES the motion to dismiss

ORDER ON PENDING MOTIONS - 2

(Dkt. 26) as moot in light of the amended complaint. Defendants may choose to re-file their motion directed at the operative complaint.

**D.      Motion for Leave to Amend (Dkt. 29)**

As discussed above, Mr. Bosh's amended complaint was filed as of right under Federal Rule of Civil Procedure 15(a)(1)(B). He does not need the Court's leave. The Court therefore DENIES the motion for leave to amend (Dkt. 29) as moot but confirms for Mr. Bosh that the amended complaint filed at Dkt. 28 is the operative complaint going forward.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 17th day of July, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER ON PENDING MOTIONS - 3